# JacksonLewis

**Jackson Lewis P.C.**
666 Third Avenue
New York, NY 10017
(212) 545-4000 Main
(212) 972-3213 Fax
jacksonlewis.com

MY DIRECT DIAL IS: (212) 545-4015
MY EMAIL ADDRESS IS: DANIEL.SCHUDROFF@JACKSONLEWIS.COM

June 3, 2026

**VIA ECF AND EMAIL TO CHAMBERS (WITH COPY TO COUNSEL)**

The Honorable Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 621
White Plains, NY 10601-4150

**Re:    Berts v. Westchester Medical Center Advanced Physician Services, P.C. et al.
Case No.: 7:24-cv-04540-CS**

Dear Judge Seibel:

We represent Defendants Westchester Medical Center Advanced Physician Services, P.C., Westchester County Health Care Corporation, NorthEast Provider Solutions, Inc., Jennifer Slade, and Kelly Soldano (collectively, "Defendants") in connection with the above-referenced matter initiated by Plaintiff Aby Berts ("Plaintiff") (collectively, "Parties"). Pursuant to Rule 11 of Your Honor's Individual Rules of Practice, the Court's Standing Order, 19-MC-00583, and ECF Rules & Instructions, Section 6, the Defendants seek leave to file redacted documents in connection with Defendants' Motion for Summary Judgment (the "Motion") and maintain the attorney-client privilege with respect to one document Plaintiff relies on in support of her opposition thereto (the "Opposition"). For context, the Motion will seek this Court's dismissal of Plaintiff's claims against Defendants in their entirety.[1]

First, during the discovery phase of this case, Defendants produced to Plaintiff redacted email correspondence referring, in passing, to the health information of multiple non-party employees (the "Non-Party Individuals"). To protect the privacy of the Non-Party Individuals, Defendants respectfully request that their names remain redacted from documents that will be used to support the Motion. Defendants do not rely on any Non-Party Individuals' health information to support their Motion.

Second, during discovery, Plaintiff produced, inter alia, four redacted documents to Defendants (collectively, "Plaintiff's Redacted Documents"). Defendants are not in possession of unredacted copies of Plaintiff's Redacted Documents, and only possess the redacted copies that Plaintiff produced to Defendants prior to the close of discovery. Therefore, Defendants

---

[1] Pursuant to the Parties' bundling arrangement, Defendants intend to file Defendants' moving papers and Plaintiff's opposition papers to the ECF system on June 3 2026.

**JacksonLewis**

respectfully request they be permitted to rely upon Plaintiff's Redacted Documents in support of the Motion in their current form.

Third, prior to the close of discovery, Defendant produced to Plaintiff an email chain which included partial redactions to information protected by the attorney-client privilege ("Privileged Document"). Defendants addressed the referenced redactions in the Privileged Document within a corresponding privilege log that Defendants served on Plaintiff during discovery. Defendants thus have an interest in protecting the attorney-client privilege in connection with this document.

As explained below, the concealment of the health information and privileged information will not impact the judicial process. Similarly, Defendants have no reason to believe that the redactions in Plaintiff's Redacted Documents will impact the judicial process.

In Lugosch v. Pyramid Co., the United States Court of Appeals for the Second Circuit espoused a three-step approach for determining whether documents are appropriately placed under seal. See Lugosch, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the documents in question are "judicial documents" to which the public's right to access is attached. Id. at 119. Judicial documents are those "'relevant to the performance of the judicial function and useful in the judicial process.'" Id. (citations omitted). Next, assuming the documents are "judicial documents," the Court must assess the weight of the presumption of public access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it" including "the privacy interests of those resisting disclosure." Id. at 120.

There are several references to the Non-Party Individuals in documents that Defendants intend to use in support of its Motion, which are attached as Exhibits GG, CCC, MMM, and OOO, to the Declaration of Daniel D. Schudroff, Esq. in Support of Defendants' Motion for Summary Judgment ("Schudroff Dec."). Redacted versions of documents that identify the Non-Party Individuals are attached hereto as Attachment 1. The redactions appear on pages marked **Defendants' Production 001641, 001217, 001161, and 002230-002233**. Unredacted versions of the documents that identify the Non-Party Individuals are simultaneously being filed under seal, with the areas Defendants are seeking to keep redacted highlighted in yellow. The information that Defendants seek to keep redacted is not the type of information that, if concealed, will impact the judicial process or deprive the public of needed information. See id. at 119-20. Accordingly, Defendants respectfully request permission to keep the names of the Non-Party Individuals redacted from the documents referenced in Attachment 1, which Defendants intend to rely upon in support of the Motion.

Furthermore, Defendants intend to rely on the unredacted portions of Plaintiff's Redacted Documents in support of its Motion. Copies of Plaintiff's Redacted Documents received "as is" by Defendants during discovery are attached hereto as Attachment 2 and are attached as Exhibits P, Q, Y, and SSS to the Schudroff Dec. The redactions appear on pages marked **PLTF000147, PLTF000149, PLTF000182, and PLTF000174**. Unredacted versions of Plaintiff's Redacted Documents are not in the possession of Defendants. Defendants do not have reason to believe that

**JacksonLewis**

the redacted portions of Plaintiff's Redacted Documents conceal information that impacts the judicial process or deprives the public of needed information. See id. For these reasons, Defendants respectfully request that they be permitted to rely upon Plaintiff's Redacted Documents, as referenced in Attachment 2, in support of the Motion.

Last, Plaintiff intends to rely on the unredacted portion of the Privileged Document in support of the Opposition. A copy of the Privileged Document received "as is" by Plaintiff during discovery is attached hereto as Attachment 3 and is attached as Exhibit 8 to the Declaration of Daniel Folchetti, Esq. in Opposition to Defendants' Motion for Summary Judgment. The redactions appear on pages marked **Defendants' Production 001658-001659.** An unredacted version of the Privileged Document is not in the possession of Plaintiff. The information that Defendants seek to keep redacted is not the type of information that, if concealed, will impact the judicial process or deprive the public of needed information. See id. Thus, the privileged information should remain redacted in Attachment 3, which Plaintiff intends to rely upon in support of the Opposition. Should the Court wish to review the Privileged Document in-camera, Defendants will comply with such directive to ensure the privilege is maintained.

\*      \*      \*

In support of the Motion, Defendants also intend to file two documents that they produced during discovery which include permissible redactions under Fed. R. Civ. Prod. 5.2(a). Redacted versions of those two documents are attached hereto as Attachment 4 and are attached to the Schudroff Dec. as Exhibits MM and UU. The redactions appear on pages marked **Defendants' Production 000169, 000171-000174, and 002143.** The information that Defendants redacted relates to Plaintiff's social-security number, Plaintiff's birth date, the name of an individual known to be a minor, and Plaintiff's financial-account numbers.

\*      \*      \*

Defendants have conferred with Plaintiff concerning this request. Plaintiff does not oppose this request.

We appreciate the Court's consideration of this request.

*Application granted. Defendants may file the "Non-Party Individuals" documents under seal, and the parties may rely on redacted versions of the other documents in support of their motion papers.*

SO ORDERED.

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

*6/3/26*

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Daniel D. Schudroff*
Daniel D. Schudroff
Drew M. Fryhoff

cc:     All counsel of record (via ECF)